## FRANK GULICK v. THE STATE.

A person cannot be convicted of keeping a disorderly house under the Malt Liquor act of April 4th, 1872 (*Rev.,* p. 494), upon mere proof of a single sale of the liquors therein mentioned, by less quanity than a quart, without license; it must further appear that the liquors sold were drunk on or about the premises where sold.

---

Error to the Monmouth Sessions.

Argued at February Term, 1888, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE and GARRISON.

For the plaintiff in error, *W. T. Hoffman.*

For the defendant in error, *Chas. Haight,* prosecutor of the pleas.

The opinion of the court was delivered by

MAGIE, J. The record produced by this writ of error shows a conviction of the plaintiff in error upon an indictment charging him with the offence of keeping a disorderly house.

One assignment of error is based upon an exception taken to a portion of the charge to the jury, which was in these words: "If the proof shows that in any single instance the defendant has sold beer in less quantities than a quart, either on week days or on Sunday, he is guilty of keeping a disorderly house under the statute."

The statute referred to is the Malt Liquor act of April 4th, 1872 (*Rev., p.* 494), the thirteenth section of which has been construed to render any person violating its provisions respecting the sale of the liquors therein mentioned without license, liable to indictment as a keeper of a disorderly house. *State* v. *Fay,* 15 *Vroom* 474.

The same section expressly declares that any sale of such liquors on Sunday renders the vendor liable to such an indictment. To that extent, the portion of the charge in question is unobjectionable.

But so much thereof as permitted a conviction for a single sale in less quantity than a quart on a week day cannot be sustained unless such a sale is prohibited by the act, when the vendor is not licensed as prescribed.

The first section of the act makes unlawful the sale, without license, of certain liquors in quantities less than a quart, "if the same is drunk on or about the premises where sold." The section has been construed not to prohibit the sale of a quart or more, although the liquor sold is drunk upon the premises where sold. *State* v. *Fagan,* 18 *Vroom* 175. The construction then given the act by this court shows, what is obvious from the language used, that the statutory offence, in respect to sales in less quantity than a quart, is not complete unless the liquor sold is drunk on or about the premises where sold.

The instruction complained of permitted the jury to find the statutory offence committed upon proof of only one of the ingredients prescribed by the statute, and was in that respect erroneous.

The error, obviously, may have prejudiced the defendant in his defence on the merits.

Of the other assignments of error, some are directed at

other portions of the charge, in which, on consideration, no error has been found. Others are directed at various refusals to charge as requested by plaintiff in error. Upon comparison with the bills of exceptions, it is found that some of the requests were refused on the ground of a want of applicability to the facts of the case. The facts are not brought before us, and we have therefore no means of determining whether such refusals were right or wrong. The remaining requests were not absolutely refused, but the court charged upon the subject of the request—or qualified or explained the refusal. The charge in these instances is not excepted to. The qualifications and explanations of the court are not contained in the bills of exceptions. For these reasons, these assignments have not been considered.

But for the error above found in the charge, the judgment of conviction must be reversed.